## 11663

### MILL POWER SUPPLY CO. v. CITIZENS OIL MILL

#### (126 S. E., 134)

SALES—EVIDENCE HELD NOT TO SUSTAIN FINDING AS TO NONDELIVERY OF PART OF ELECTRICAL EQUIPMENT PURCHASED.—In seller's action to foreclose chattel mortgage, given to secure purchase price of electrical machinery, in which buyer denied liability for price of certain switches which it claimed had not been delivered, evidence *held* insufficient to sustain finding that such switches had not been delivered.

Before SEASE, J., Pickens, October, 1923. Reversed and remanded with directions.

Action by the Mill Power Supply Company against the Citizens' Oil Mill. From a judgment for plaintiff, giving it sufficient relief, it appeals.

Defendant denied liability for two switches which it claimed had not been delivered. The plaintiff claimed that it had delivered the switches with the other machinery and equipment, and in support of this contention introduced in evidence invoices and bills of lading showing shipments of the machinery and equipment including the two switches. Plaintiff's evidence also showed that no claim had been made against the railroad for loss of any of the equipment, that an investigation would have been made if any part of the equipment consigned to defendant had been lost, and that no such investigation had been made. A witness for plaintiff, an electrical engineer, testified that he made an inspection of defendant's plant and found the equipment claimed by plaintiff to have been delivered to defendant. An officer of defendant corporation testified for defendant that defendant had received only four of the six switches ordered from plaintiff, and it purchased two other switches from other parties, but could not produce invoices and bills of lading showing purchase thereof from such other parties.

*Messrs. Haynsworth & Haynsworth,* for appellant, cite: *Chattel mortgage foreclosure, an equitable action:* 20 S. C., Eq., 334. *Court will review facts in an equity case:* 51 S. C., 363; 78 S. C., 366; 97 S. C., 362; 55 S. C., 398. *Interest:* 66 S. C., 379.

*Messrs. Carey & Carey,* for respondent, cite: *Finding of fact on equitable issue will be sustained:* 115 S. C., 452; 58 S. C., 240; 96 S. C., 148; 96 S. C., 106; 45 S. C., 33; 74 S. C., 527; 110 S. C., 377.

January 13, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action to foreclose a chattel mortgage given to secure the purchase price of electrical machinery. The plaintiff claimed a balance due of $933.43 and interest. The defendant admitted that it was indebted to the plaintiff in the sum of $509.13, and interposed a counterclaim. The Circuit Judge found that the defendant's counterclaim was not sustained by the evidence and that the amount due by defendant to plaintiff was $509.13, the amount the defendant admitted to be owing.

The plaintiff appeals upon the ground that the evidence establishes by the clear preponderance thereof that the amount due and owing by the defendant is $933.43, instead of $509.13 as found. The validity of plaintiff's claim as to its right to recover this difference depends upon whether certain of the articles of equipment bought by the defendant were actually delivered. The evidence adduced in the case was taken before a referee, who merely reported this evidence to the Circuit Judge without making any findings of fact or stating any conclusions of law. The goods were shipped under a number of different bills of ladings and invoices, and a fair appraisal of the merits of the contentions of the respective parties involves a review of a mass of evidentiary matter, and, to a certain extent, a statement of mutual accounts.

We have given the record as careful review and consideration as the time at our command permits, with the result that we are of the opinion that the appellant has sufficiently sustained the burden of showing that the judgment of the Circuit Court, fixing and limiting the amount of defendant's indebtedness to the plaintiff at $509.13, is not so fully supported by the preponderance of the evidence as to justify us in affirming the judgment.

We think the case is one which should be subjected to a careful review and analysis by a competent referee, under instructions to find the facts, state the accounts, and report his conclusions to the Circuit Court.

The judgment of the Circuit Court is accordingly reversed and the case remanded, with directions that the cause be submitted to a Special Referee for the purposes indicated.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.